## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

SAHABO I. ALIYU,
          Appellant,

      v.

U.S. AGENCY FOR GLOBAL
    MEDIA,[1]
          Agency.

DOCKET NUMBER
DC-0752-19-0308-I-1

DATE: March 15, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[2]

<u>Maurice O. Isaac</u>, Hyattsville, Maryland, for the appellant.

<u>David Kligerman</u>, and <u>H. David Kotz</u>, Washington, D.C., for the agency.

**BEFORE**

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

**FINAL ORDER**

The appellant has filed a petition for review of the initial decision, which affirmed the agency's removal action. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous

---

[1] The agency was formerly known as the Broadcasting Board of Governors.

[2] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

The appellant was an International Broadcaster for Voice of America (VOA), a component of the agency. Initial Appeal File (IAF), Tab 4 at 10. In October 2018, the agency proposed to remove the appellant for the prohibited acceptance of gifts. *Id.* at 10-17. Following the appellant's written and oral response, the agency sustained its proposal to remove him. IAF, Tab 4 at 20-26, Tab 6 at 8-12.

The event that led to the appellant's removal involved a visit from the Governor of the Katsina State of Nigeria to VOA for a radio interview. IAF, Tab 4 at 10-11. The appellant purchased lunch for the Governor and his staff, and paid for it himself. *Id.* at 60-61, 68. As the Governor was leaving, a member of his staff handed the appellant an envelope containing $5,000. IAF, Tab 4 at 62-63, Tab 11 at 23-25. The appellant passed the envelope to a colleague without opening it. IAF, Tab 4 at 13, 62-65. The Managing Editor and a colleague of the appellant's distributed the money among the staff. IAF, Tab 11

at 13, 22-28.  According to the appellant, later that day the Managing Editor gave him "$200 or less."  IAF, Tab 4 at 61.

The Office of the Inspector General (OIG) for the Department of State subsequently conducted an investigation into the receipt of the money and its distribution.  *Id.* at 10.  The OIG twice interviewed the appellant.  *Id.* at 28-54, 56-88.  After originally telling the OIG investigators that he received no money, the appellant subsequently confirmed that he received approximately $200 from the Managing Editor.  *Id.* at 40, 60-62.  He asserted that the money he received was reimbursement for having purchased lunch for the Governor's entire staff.  *Id.* at 60-62.  Although estimating that the lunches cost around $100, the appellant claimed that he neither counted the money that the Managing Editor gave him nor considered the overpayment to be significant.  *Id.* at 61, 73-74.

Following the OIG's investigation, approximately 17 VOA employees were either terminated or proposed for termination for their acceptance of the distributed money.  IAF, Tab 13, Hearing Compact Disc (HCD) at 24:38 (testimony of the deciding official).  Among these employees was the appellant, who was removed for prohibited acceptance of a gift.  IAF, Tab 4 at 10-17, Tab 6 at 8-12.

The appellant filed the instant appeal of his removal to the Board.  IAF, Tab 1 at 5.  After holding a hearing, the administrative judge issued an initial decision affirming the agency's action.  IAF, Tab 14, Initial Decision (ID) at 2.  The administrative judge found that the agency proved by preponderant evidence that the appellant engaged in the prohibited acceptance of a gift.  ID at 7-20.  The administrative judge further found that the appellant failed to establish that intent was an element of the charge under agency policy, and thus the appellant failed to show a harmful procedural error.  ID at 21-22.  Finally, the administrative judge found that the agency properly made its penalty determination, the appellant's removal was within the tolerable bounds of reasonableness, and that removal promoted the efficiency of the service.  ID at 22-24.

The appellant has filed a petition for review. Petition for Review (PFR) File, Tab 1. The agency has responded, and the appellant has replied to its response. PFR File, Tabs 3, 4.

## DISCUSSION OF ARGUMENTS ON REVIEW

Generally, in an adverse action appeal, an agency must prove its charge by a preponderance of the evidence, establish a nexus between the action and the efficiency of the service, and establish that the penalty it imposed is within the tolerable bounds of reasonableness. *Hall v. Department of Defense*, 117 M.S.P.R. 687, ¶ 6 (2012).[3] Here, the appellant only challenges the administrative judge's determination that the agency proved the charge, and raises concerns about the agency's compliance with discovery. Our discussion will be similarly focused.[4]

<u>The administrative judge correctly found that the agency proved the charge by preponderant evidence.</u>

The administrative judge found that it was undisputed that the Governor of the Katsina State of Nigeria was a prohibited source and that, on the day in question, the appellant received money greater than what he paid for lunch. ID at 19-20. The administrative judge further observed that the appellant admitted to accepting money from the Managing Editor. ID at 17. The parties do not dispute these findings on review, and we decline to disturb them. The administrative judge then found that, contrary to the appellant's claims, he knew the money he received from the Managing Editor came from the Governor of Katsina. ID at 18-20. He found, in essence, that proof of these facts was sufficient to sustain

---

[3] The appellant on review suggests that the agency needed to prove its charge by clear and convincing evidence. PFR File, Tab 1 at 4. This is incorrect, as the standard of proof required is by a preponderance of the evidence. 5 U.S.C. § 7701(c)(1)(B); *Hall*, 117 M.S.P.R. 687, ¶ 6.

[4] The parties do not challenge the administrative judge's findings that the agency proved nexus and penalty or that the appellant failed to prove harmful error. We discern no basis to disturb these findings on review.

the charge.[5]  ID at 20.  The appellant disputes the finding that he knew the money came from the Governor of Katsina on review.  PFR File, Tab 1 at 2-4.

Citing *Hillen v. Department of the Army,* 35 M.S.P.R. 453, 458 (1987), the administrative judge recognized that the appellant's testimony that he received money from the Managing Editor was inconsistent with his response during his first interview with OIG investigators, denying that he "ever received money" in connection with "visitors" to the VOA.  ID at 18-19; IAF, Tab 4 at 40.  The administrative judge also determined that the appellant's claim that he was unaware the money he received from his Managing Editor came from the Governor of Katsina was inconsistent with the Managing Editor's sworn statement to the OIG that the appellant received the envelope containing the money from a member of the Governor's staff, and describing how the money was distributed to the appellant and 17 other employees.  ID at 18-19; IAF, Tab 11 at 11-12, 27-32.  The administrative judge additionally observed that the appellant's version of events was contradicted by the accounts of as many as 15 of his coworkers, who confessed to receiving the money from the Governor's delegation.  ID at 20; HCD at 53:05 (testimony of the Director of VOA Africa Division).  The administrative judge found it more plausible that the appellant, as admitted by the Managing Editor and all of his colleagues who received cash, was aware that the money he received was a gift from the Governor of Katsina, and did not credit the appellant's testimony.  *Id.*

On review, the appellant alleges that the administrative judge overlooked various pieces of evidence that support his assertion that he did not know that the money he received from the Managing Editor was from the Governor of Katsina.

---

[5] The parties do not dispute this formulation of the charge, and we discern no basis to disturb it.  *See Sher v. Department of Veterans Affairs,* 97 M.S.P.R. 232, ¶¶ 4-5 (2004) (declining to disturb an administrative judge's determination that an agency proved charges of soliciting and accepting gifts based on an appellant's request and receipt of prescription medication samples from an entity doing business with his employing agency); 5 C.F.R. § 2635.202(b) (prohibiting Federal employees from accepting gifts from prohibited sources or gifts given based on an employee's official position).

PFR File, Tab 1 at 2-4. For example, he points to evidence that he did not open the envelope he received from the Governor's delegation or distribute the money it contained. *Id*.; IAF, Tab 4 at 61-66, Tab 11 at 23-33. The appellant also disagrees with the administrative judge's finding that the appellant received his portion from his coworker, rather than from the Managing Editor, as he claimed. PFR File, Tab 1 at 2-3; IAF, Tab 11 at 32-33. The appellant again asserts that his Managing Editor gave him the money to reimburse the appellant for buying lunch, along with providing some additional money as appreciation. PFR File, Tab 1 at 3. He asserts that a supervisor providing additional remuneration for a subordinate's expenditures on the supervisor's behalf is culturally acceptable. *Id.*

The Board will defer to the credibility determinations of an administrative judge when they are based, explicitly or implicitly, upon the observation of the demeanor of witnesses testifying at a hearing. *Thomas v. U.S. Postal Service*, 116 M.S.P.R. 453, ¶ 5 (2011). The credibility determinations of an administrative judge are virtually unreviewable on appeal. *Id.* Indeed, the Board may overturn such determinations only when it has sufficiently sound reasons for doing so, such as when the administrative judge's findings are incomplete, inconsistent with the weight of the evidence, and do not reflect the record as a whole. *Rapp v. Office of Personnel Management*, 108 M.S.P.R. 674, ¶ 13 (2008).

Contrary to the appellant's claims on review, the administrative judge considered the evidence mentioned above regarding the receipt and distribution of the money. In reaching his conclusion, the administrative judge determined that the appellant did not open the envelope or distribute the money. ID at 16, 18-20. Nonetheless, the administrative judge did not credit the appellant's claim that he did not know the envelope contained money. ID at 20. In making this finding he found that the appellant's coworker, and not the Managing Editor, gave the appellant his share of the money. ID at 20. Similarly, he did not credit the

appellant's claim that the money he received was reimbursement for lunch.[6] ID at 17-18, 20, 24.

Because the administrative judge made his credibility determinations following a hearing, we find they are entitled to deference. *Purifoy v. Department of Veterans Affairs*, 838 F.3d 1367, 1372-73 (Fed. Cir. 2016) (finding that the Board generally must defer to an administrative judge's implicit demeanor-based credibility findings made after holding a hearing, even if demeanor was not specifically discussed in the initial decision). These findings were not, as the appellant claims, incomplete or unsupported by the evidence. Accordingly, we decline to disturb the administrative judge's conclusion that the agency proved its charge.

The appellant also asserts on review that he sought transcripts of the OIG interviews before the hearing, but only received one. PFR File, Tab 1 at 4. According to the appellant, the allegedly missing transcripts would reflect that he denied taking money from anyone and confirm that he purchased lunch for the group. *Id.* at 3-4. Although the appellant asserts his attorney requested these transcripts, he does not claim to have personal knowledge of this request. PFR File, Tab 4 at 2. The only evidence he provides is the agency's certificate of service reflecting that the agency responded to the appellant's interrogatories. *Id.* at 2, 6.

---

[6] As discussed above, the appellant argues on review that his acceptance of reimbursement for buying the Governor and his staff lunch along with additional money from the Managing Editor was culturally acceptable. PFR File, Tab 1 at 3. He does not cite to any evidence in support of this argument. *Id.* However, the appellant's past statements and hearing testimony reflect his belief that accepting money from his supervisor was culturally acceptable because it was consistent with a supervisor paying for a subordinate's lunch. IAF, Tab 4 at 21-23, 26, 73; HCD at 1:54:20 (testimony of the appellant). In light of the administrative judge's finding that the appellant was aware the money he received came from the Governor of Katsina, the appellant's argument that it was permissible to accept money from the Managing Editor does not affect the outcome of this appeal. *See Kingsley v. U.S. Postal Service*, 123 M.S.P.R. 365, ¶ 15 (2016) (denying review when an appellant did not identify any particular evidence that the administrative judge might have overlooked that could have affected the outcome of the appeal).

To the extent that the appellant is arguing that the agency should have produced additional transcripts below, he has not stated a basis for review. He has failed to demonstrate that he requested the transcripts. *See Mills v. U.S. Postal Service*, 119 M.S.P.R. 482, ¶ 5 (2013) (declining to consider evidence submitted for the first time on review when the appellant had an opportunity to obtain this evidence by conducting discovery under the terms of the acknowledgment order, but failed to do so). In addition, he has failed to show that he was prejudiced by the alleged failure to provide the transcripts, as he only speculates as to what they might show. PFR File, Tab 1 at 3-4; *see Szejner v. Office of Personnel Management*, 99 M.S.P.R. 275, ¶ 5 (2005) (concluding that an appellant did not demonstrate that he was prejudiced by an agency's alleged failure to respond to his discovery requests because he did not show that the information sought would change the outcome of this appeal), *aff'd*, 167 F. App'x 217 (Fed. Cir. 2006). Finally, he is precluded from raising the agency's alleged failure to provide the transcripts on review because he did not file a motion to compel below. *Szejner*, 99 M.S.P.R. 275, ¶ 5.

<u>The appellant's remaining arguments do not provide a basis for disturbing the initial decision.</u>

The appellant describes on review several ways his attorney could have performed better. PFR File, Tab 1 at 4, Tab 4 at 2-3. Even if true, the presence of inadequate counsel is not a basis for reversal because the appellant is held responsible for the action or inaction of his counsel. *Wynn v. U.S. Postal Service*, 115 M.S.P.R. 146, ¶ 7 (2010), *overruled on other grounds by Thurman v. U.S. Postal Service*, 2022 MSPB 21, ¶ 17.

The appellant additionally argues on review that the administrative judge inappropriately rejected a document from the record below based on the agency's objection at the hearing. PFR File, Tab 1 at 4. The administrative judge did not immediately reject this document at the agency's objection, but rather, allowed the appellant an opportunity to question the deciding official about it, as the

document was allegedly mailed to her. HCD at 4:27 (statement of the administrative judge). However, the appellant never questioned the deciding official about the document, and it was not referenced for the remainder of the hearing. It does not appear that the administrative judge made an explicit ruling on the admission of the document, but we find that he implicitly rejected its admission. IAF, Tab 12 at 1. On review, we affirm that rejection.

Neither of the parties have demonstrated that the agency received the document prior to the appellant's attempt to admit it into the record below, and the alleged proof of delivery provided by the appellant is missing nearly all of the relevant information of delivery, including to whom it was delivered and from where it was sent.[7] PFR File, Tab 1 at 12. Moreover, even were we to consider the document, it states that the reimbursement the appellant received was from the Governor of the Katsina State of Nigeria, not from the Managing Editor. *Id.* at 10. Thus, this document suggests that the overpayment the appellant received from his lunch purchase was directly from the prohibited source, and further bolsters the agency's charge. *See Karapinka v. Department of Energy*, 6 M.S.P.R. 124, 127 (1981) (finding an administrative judge's procedural error is of no legal consequence unless it is shown to have adversely affected a party's substantive rights).

The appellant also attaches another document on review, seemingly a letter written from himself to the director of VOA "not long after [the appellant] was removed." PFR File, Tab 1 at 3, 6-8. Under 5 C.F.R. § 1201.115, the Board generally will not consider evidence submitted for the first time on review absent a showing that it was unavailable before the record was closed despite the party's due diligence. *Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 213-14 (1980). This showing is not met when an appellant possessed evidence below but elected not to submit it. *See Fox v. U.S. Postal Service*, 81 M.S.P.R. 522, ¶¶ 4-5 (1999)

---

[7] The relevant information of the tracking document is blurred beyond legibility. PFR File, Tab 1 at 12.

(declining to consider a document that an appellant's attorney elected not to submit below). Given that the appellant himself created this document, it would appear to have been previously available before the record was closed below. As such, we do not consider this document submitted for the first time on review.

Finally, the appellant notes a factual error in the initial decision. PFR File, Tab 1 at 4, Tab 4 at 4. The initial decision suggests that the appellant stated that he was given an envelope from the Governor's staff and subsequently purchased lunch for the staff. ID at 16. This was erroneous, as it appears the appellant purchased the lunch and then subsequently, as the Governor's staff was leaving, a member of the staff handed him the envelope in question. IAF, Tab 4 at 60-62. However, this error was harmless, as the order in which the appellant bought lunch and received the money is not material to the removal action. *See Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984) (finding an adjudicatory error that is not prejudicial to a party's substantive rights provides no basis for reversal of an initial decision).

## NOTICE OF APPEAL RIGHTS[8]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all

---

[8] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) <u>Judicial review in general</u>**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) <u>Judicial or EEOC review of cases involving a claim of discrimination</u>**.  This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[9]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(B).

---

[9] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

_Gina K. Grippando_

_____
Gina K. Grippando
Clerk of the Board

Washington, D.C.